### CHICAGO LABEL AND BOX CO. v. WASHBURN.

MOTION FOR NEW TRIAL,—COMPUTATION OF TIME.

Sunday is not excluded in computing the three days' time allowed for filing a motion for a new trial.

HEARD ON ERROR.

SMITH, J.

The error assigned in this case is, that the court of common pleas set aside a verdict which had been rendered in that court in favor of the plaintiff in error against the defendant in error, and granted a new trial.

The verdict in the case was rendered on Friday, June 18, 1897, and the motion for a new trial was filed on Tuesday, June 22, 1897. Section 5307, Rev. Stat., requires such a motion to be filed within three days after the verdict was rendered. It was not filed until the fourth day thereafter. The second day after the day on which the verdict was rendered was Sunday, and it is claimed that that day should be excluded in the computation, and, therefore, that the motion was filed in time, and that the court had authority to grant the motion for a new trial.

Section 4951, Rev. Stat., is as follows: " Unless otherwise specially provided the time within which an act is required by law to be done shall be computed by excluding the first day and including the last, and if the last be Sunday it shall be excluded." This applies to all computations of time under the provisions of our code of civil procedure, and must apply in this case, as no special provision is made for motions for new trials— and whatever may have been the rule in cases of this kind at common law, the express provision of the statute must govern.

The court then having no right to entertain or grant the motion, its action in doing so was erroneous and will be reversed, and the cause remanded to that court to be proceeded in according to law, which will be to enter judgment upon the verdict rendered, unless for good cause shown.

*Johnston & Levy*, for plaintiff in error.

*J. A. & H. M. Caldwell*, and *A. W. Bruck*, for defendant in error.